UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING, INC. AND
THE MCGRAW-HILL COMPANIES, INC.,      :

                                      :

                    Plaintiffs,       :

      -against-                       :        09 Civ.

                                      :

MARY LEWIS A/K/A MARY LOUIS           :
AND MICHAEL LEWIS BOTH D/B/A
MIZZEM, INC. D/B/A SONDAM COPY        :
AND BUSINESS CENTER D/B/A
CAMPUS COPY CENTER, INC., MIZZEM,     :
INC., SONDAM COPY AND BUSINESS
CENTER, CAMPUS COPY CENTER, INC.      :
AND JOHN DOE NOS. 1-5,                :

                    Defendants.   :

- - - - - - - - - - - - - - - - - - x

**09 CIV 10290**



                    COMPLAINT

      Plaintiffs Pearson Education, Inc. ("Pearson"), John

Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage")

and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their

undersigned attorneys, for their complaint against defendants

Mary Lewis a/k/a Mary Louis ("Mary Lewis"), Michael Lewis, both

d/b/a Mizzem, Inc. d/b/a Sondam Copy and Business Center d/b/a

Campus Copy Center, Inc., Mizzem, Inc. ("Mizzem"), Sondam Copy

and Business Center ("Sondam"), Campus Copy Center, Inc. ("Campus

Copy") and John Doe Nos. 1-5, aver:

## Nature of the Action

1.     Plaintiffs publish college textbooks.  Defendants operate a retail copy center that generates income by selling photocopies of plaintiffs' textbooks to college students. Plaintiffs are therefore bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights and trademarks through the sale of those unauthorized photocopies of plaintiffs' textbooks.

## Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over the first three claims for relief in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq.  The Court has subject matter jurisdiction over the fourth claim for relief under 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of the Court that they form the same case or controversy under Article III of the United States Constitution.

3.     Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## Parties

4.     Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place

of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6. Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8. Upon information and belief, Mary Lewis is the owner of Mizzem, Sondam and Campus Copy and currently resides at 756 Crown Street, Brooklyn, New York 11213.

9. Upon information and belief, Michael Lewis is an employee of both Mizzem and Sondam, whose current address is presently unknown to plaintiffs.

10. Upon information and belief, Mizzem is a currently inactive corporation organized and existing under the laws of the State of New York with its principal place of business at 1657 Bedford Avenue, Brooklyn, New York 11225.

11.   Upon information and belief, Sondam is a currently inactive corporation organized and existing under the laws of the State of New York with its principal place of business at 1657 Bedford Avenue, Brooklyn, New York 11225.

12.   Upon information and belief, Campus Copy is a currently inactive corporation organized and existing under the laws of the State of New York with its principal place of business at 1657 Bedford Avenue, Brooklyn, New York 11225.

13.   Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendants whose identities are presently unknown to plaintiffs.

### The Businesses of Plaintiffs

14.   Each plaintiff publishes a variety of works, including educational books.

15.   As a standard practice, each plaintiff requires its authors to assign the copyrights to it or grant it the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize the dissemination of each work.

16.   Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

17.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

18.   An important part of plaintiffs' business is derived from publishing college textbooks.

### Plaintiffs' Copyrights and Trademarks

19.   Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including the work Marketing: An Introduction, by Armstrong and Kotler, 9th Edition (registered on April 7, 2008) (registration # TX-6-943-209) (the "Pearson Copyright").  Wiley has generally registered its copyrights in its works, including the work Organizational Behavior, by Schermerhorn, 10th Edition (registered on June 22, 2009)(registration # TX-6-986-840) (the "Wiley Copyright").  Cengage has generally registered its copyrights in its works, including the works Essentials of Statistics for the Behavioral Sciences, by Gravetter and Wallnau, 6th Edition (registered on August 8, 2007)(registration # TX-6-815-455) and Inquiry into Physics, by Ostdiek and Bord, 6th Edition (registered on August 6, 2007)(registration # TX-6-813-489) (the "Cengage

5

Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including the work <u>Anatomy & Physiology</u>, by Seely, 8th Edition (registered on March 26, 2007)(registration # TX-6-555-444) (the "McGraw-Hill Copyright").

20. Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

21. Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall." Pearson is the direct holder of the well-known trademark "Benjamin Cummings." Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule A.

22. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule B.

6

23.   Among Cengage's well-known trademarks are "Brooks/Cole," "Duxbury Press," and "South-Western" (the "Cengage Trademarks").  The United States Registrations for the Cengage Trademarks are identified on Schedule C.

24.   Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule D.

## The Infringing Acts of Defendants

25.   Defendants are engaged in the business of photocopying plaintiffs' textbooks and reselling those photocopies.  Specifically, defendants make unauthorized photocopy reproductions of entire textbooks, and sell the unauthorized copies for profit, primarily to college students.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

26.   Plaintiffs repeat the averments contained in paragraphs 1 through 25 as if set forth in full.

27.   Pearson has received a United States Certificate of Copyright Registration for the Pearson Copyright.

28.   Wiley has received a United States Certificate of Copyright Registration for the Wiley Copyright.

29.   Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

30. McGraw-Hill has received a United States Certificate of Copyright Registration for the McGraw-Hill Copyright.

31. The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

32. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

33. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

34. Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

35. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

36. Plaintiffs repeat the averments contained in paragraphs 1 through 35 above as if set forth in full.

37. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein. Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

38. Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

39. Cengage owns the Cengage Trademarks, for which it has obtained United States Trademark Registrations.

40. McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

41. The Pearson, Wiley, Cengage and McGraw-Hill Trademarks are valid and enforceable.

42. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them, upon information and belief, on and/or in connection with the works that they have sold.

43. Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so. The damage to plaintiffs includes harm to their good-will and

9

reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Cengage and McGraw-Hill Trademarks or any colorable imitation of them.

44. Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Trademarks.

45. Plaintiffs are entitled to recover (1) defendants' profits from the infringing works, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

46. Plaintiffs repeat the averments contained in paragraphs 1 through 45 above as if set forth in full.

47. In connection with the sale of their unlawfully reproduced textbooks, defendants have used counterfeits of the Pearson, Wiley, Cengage and McGraw-Hill Trademarks.

48. Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced works, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

49.  Plaintiffs repeat the averments contained in paragraphs 1 through 48 above as if set forth in full.

50.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate.  Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Cengage and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.    Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson, Wiley, Cengage and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.    Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F.    Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G.    Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

    I.   Granting such other and further relief as to this

Court seems just and proper.

Dated:  New York, New York
        December 18, 2009


                        DUNNEGAN LLC

                        By_____
                           William Dunnegan (WD 9316)
                           wd@dunnegan.com
                           Laura Scileppi (LS 0114)
                           ls@dunnegan.com
                        Attorneys for Plaintiffs
                           Pearson Education, Inc.,
                           John Wiley & Sons, Inc.,
                           Cengage Learning, Inc. and
                           The McGraw-Hill Companies, Inc.
                        350 Fifth Avenue
                        New York, New York 10118
                        (212) 332-8300

Schedule A
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |
| 12. "Benjamin Cummings" | 2,674,589 | 016 |
| 13. "Benjamin Cummings" | 2,671,773 | 041 |
| 14. "Benjamin Cummings" | 2,671,772 | 041 |
| 15. "Benjamin Cummings" | 2,621,299 | 016 |
| 16. "Benjamin Cummings" | 1,189,279 | 016 |

Schedule B
"Wiley Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

Schedule C
"Cengage Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "Brooks/Cole" | 3,386,242 | 016 |
| 2. | "South-Western" | 3,493,849 | 016 |
| 3. | "Duxbury Press" | 2,036,544 | 016 |

16

Schedule D
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |